IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARC T. SWEENEY, § | | |
| FCI NO. 38879-179, § | | |
| § | | |
| Petitioner, § | | |
| § | CIVIL ACTION NO. H-05-3179 | |
| v. § | (Criminal No. H-04-352-01) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| § | | |
| Respondent. § | | |

## MEMORANDUM OPINION AND ORDER

Marc T. Sweeney has filed a Motion to Vacate, Set Aside, Reverse or Correct An Illegal Sentence (Docket Entry No. 1 in C.A. No. H-05-3179; Docket Entry No. 25 in Crim. No. H-04-352). Pending before the court is the Motion to Dismiss of the United States (Docket Entry No. 35 in Crim. No. H-04-352) to which Sweeney has filed a Response (Docket Entry No. 36 in Crim. No. H-04-352).

Sweeney alleges that his trial counsel was ineffective in failing to timely perfect an appeal and in failing to object to two prior convictions that were used to increase his criminal history category. (Motion to Vacate, Docket Entry No. 25, at pp. 11-14) Sweeney states that he "instructed Counsel to initiate an appeal." (Id. at p. 11.)  Because Sweeney's motion is signed under oath, it

establishes some evidence of this fact. Since the United States has not presented any evidence to the contrary, the court will assume that Sweeney asked his counsel to file an appeal, and that his counsel's failure to do so could be a basis for finding that his counsel's conduct fell below an objective standard of reasonableness. See Strickland v. Washington, 104 S.Ct. 2052 (1984). Nevertheless, Sweeney is not entitled to relief because he has not shown that his counsel's failure to pursue an appeal prejudiced Sweeney, i.e., that the outcome of the case would have been different had his counsel appealed his conviction or sentence.

Liberally construing his motion, Sweeney alleges three possible bases for an appeal. First, Sweeney argues that his counsel should have objected to the inclusion of two prior convictions in calculating his criminal history category. He also argues that his counsel was deficient in failing to investigate facts underlying his criminal history category. These arguments have no merit because Sweeney has not pointed to any error in the calculation of his criminal history category. At Sweeney's sentencing the court asked him the following questions:

> THE COURT: Have you had a chance to read the presentence report before today?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you have any objections to it?
>
> THE DEFENDANT: No, sir.

(Transcript of February 11, 2005, Sentencing, Docket Entry No. 31, at p. 2 lines 15-19 in Crim. No. H-04-352)  Sweeney has not identified any non-frivolous basis that his counsel could have objected to the presentence report or argued such an objection on appeal.  In his response Sweeney argues that he is "being double-counted in criminal history points for the same prior conviction. . . ."  (Response, Docket Entry No. 36, at p. 3)  The Presentence Report reveals no double-counting; each conviction for which Sweeney received criminal history points involved a separate offense and occurred on a separate date.  This argument therefore fails to show any basis for an appeal or that his trial counsel was deficient in failing to investigate Sweeney's criminal history.

Sweeney also contends that the court increased his sentencing guideline range in violation of <u>United States v. Booker</u>, 125 S.Ct. 738 (2005).  (Motion to Vacate, Docket Entry No. 25, at p. 13) Sweeney was sentenced after <u>Booker</u> was decided.  At his sentencing the court expressly stated:  "I conclude that all of the factors set out in 18, United States Code, Section 3553(a) are adequately addressed by the sentencing guidelines; and the Court will sentence the defendant within the guideline range."  (Transcript of February 11, 2005, Sentencing, Docket Entry No. 31, at p. 5 lines 2-5)  This argument therefore provides no basis for an appeal.

Finally, Sweeney appears to argue that his counsel failed to advise him that he "faced a maximum of 86 months" instead of the "statutory mandatory sentence of 60 months." (Motion to Vacate, Docket Entry No. 25, at p. 13)  There is no merit to this contention because the court clearly warned Sweeney at the time of his rearraignment that "[t]he maximum sentence you face is 10 years in prison . . . ." (Transcript of November 23, 2004, Rearraignment, Docket Entry No. 30, at page 7 lines 9-10 in Crim. No. H-04-352) and explained to him in detail the process that would be followed in calculating his guideline range and sentence.

> THE COURT:  No determination has been made thus far of what your sentence will be.  If I accept your plea, a probation officer will interview you, investigate the facts of the case and prepare a report.  You will have a chance to read the report and object to it if you wish.  At the time of your sentencing, I will rule on any objections and then I will determine your guideline range and your sentence.
>
> What you need to appreciate today is the process of determining your sentence has not yet begun.  That means no one knows what the probation officer will recommend or what sentence I will impose.  Do you understand that?
>
> THE DEFENDANT:  Yes, sir.

(Transcript of November 23, 2004, Rearraignment, Docket Entry No. 30, at page 7 line 14 through page 8 line 2)

Because the court finds no merit to any of Sweeney's claims, the United States' Motion to Dismiss (Docket Entry No. 35 in Crim. No. H-04-352) is **GRANTED**; and Sweeney's Motion to Vacate, Set

Aside, Reverse or Correct An Illegal Sentence (Docket Entry No. 1 in C.A. No. H-05-3179; Docket Entry No. 25 in Crim. No. H-04-352) is **DENIED**.

 **SIGNED** at Houston, Texas, on this 8th day of February, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE